UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IGNACIO RUIZ,<br><br>    Petitioner,<br><br>v.<br><br>M. ELIOT SPEARMAN,<br><br>    Respondent. | Case No. 18-cv-07681-EMC<br><br>**ORDER TO SHOW CAUSE**<br><br>Docket No. 1 |

## I.    INTRODUCTION

Ignacio Ruiz, an inmate at the High Desert State Prison, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## II.    BACKGROUND

The petition and attachments thereto provide the following information. Mr. Ruiz was convicted in Contra Costa County Superior Court of murder and other offenses with sentence enhancements. On June 14, 2013, he was sentenced to a total term of life in prison without possibility of parole plus 50 years to life in prison.

Mr. Ruiz appealed. His conviction was affirmed by the California Court of Appeal in 2016. His petition for review was denied by the California Supreme Court in 2016. He also filed unsuccessful state habeas petitions. He then filed this action.

## III.    DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

district court considering an application for writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Mr. Ruiz contends that counsel provided ineffective assistance by his "misadvice and omissions" during plea negotiations. Specifically, counsel allegedly advised Mr. Ruiz to reject a favorable plea disposition based on a misunderstanding and ignorance of the current law of parole and lesser-related offense instructions, and did not give Mr. Ruiz enough information to make an informed decision. Docket No. 1 at 5. Liberally construed, the allegations state a Sixth Amendment claim that is cognizable in a federal habeas proceeding.

### IV. <u>CONCLUSION</u>

For the foregoing reasons,

1. The petition states a cognizable claim for federal habeas relief and warrants a response.

2. The clerk shall serve a copy of this order, the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on Petitioner.

3. Respondent must file and serve upon Petitioner, on or before **March 15, 2019,** an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of any court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition.

4. If Petitioner wishes to respond to the answer, he must do so by filing a traverse and serving it on Respondent on or before **April 12, 2019**.

5. Petitioner is responsible for prosecuting this case. Petitioner must promptly keep the court informed of any change of address and must comply with the court's orders in a timely

fashion.

6. Petitioner is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: January 4, 2019

_____
EDWARD M. CHEN
United States District Judge